LEIGH M. CLARK, Retired Circuit Judge.
This ease has been submitted on briefs of the parties wherein they agree that the crucial issue is whether the trial court was in error in dismissing this appellant’s appeal from the judgment of conviction and sentence of the Municipal Court of Pratt-ville for the offense of driving under the influence of alcohol. The controlling law on the subject is:
“Upon failure of an appellant to appear in circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal.... The circuit court may, on motion of defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant.” Code of Alabama 1975, § 12-14-70(f).
The record before us shows that within thirty days from the dismissal, defendant’s counsel filed a motion to set aside the dismissal and reinstate the appeal and the following affidavit in support of the motion:
“The cause was set for jury trial in Au-tauga Circuit Court at 9:00 A.M. on April 29, 1983. The automobile that Defendant and his lawyer was riding in stopped about one quarter to one third of a mile short of the courthouse and the two had to walk a long distance and arrived at the courthouse about 9:23 A.M.
“The court told defense counsel that it had dismissed the appeal about 19 to 20 minutes after nine. Defense counsel between 25 and 30 minutes after nine A.M. offered an oral motion based on these facts. He was told by the court that this would not be accepted but that counsel could make a motion for a new trial within thirty days.”
After an apparent hearing of the motion, the Circuit Court of Autauga County rendered an order in pertinent part as follows:
“And upon consideration it is held that the said Motion is not well taken. It is therefore, ordered, adjudged and decreed by the Court, that said Motion be and the same is hereby denied.”
There is no court reporter’s transcript as to anything that occurred at the time the court rendered the order dismissing the appeal from the Municipal Court, at the time of the arrival of defendant and his attorney for the trial of the case, or at the time of any hearing of the motion to set aside the order of dismissal. In this state of the record before us, we cannot determine the crucial issue now presented.
The cause should be remanded to the Circuit Court with directions that the record be supplemented with any and all pertinent court reporter’s transcript of the proceedings in the Circuit Court of Autau-ga County and, in the absence or unavailability of the reporter’s transcript as to such *1171 pertinent proceedings, the trial judge shall set forth briefly his recollection as to all pertinent facts. It is further directed that the trial court, if, but only if, it deems it necessary or advisable, shall conduct a hearing, with due notice beforehand to the parties, as to pertinent facts relative to whether good cause was ever shown by the defendant within the time required by Code § 12-14-70(f) for defendant’s failure to appear at the time the case was “called for trial.” The trial court shall make a return to this order of remandment with notice to each of the parties. Either party aggrieved thereby will have fourteen days thereafter within which to file a brief and the opposing party will then have seven days to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur, except BOWEN, P.J., who dissents with an opinion.