PATTERSON, Judge.
The appellant, Margaret L. Harris, was indicted and convicted for the offense of robbery in the first degree, as proscribed by § 13A-8-41, Code of Alabama 1975. She was sentenced to twenty years’ imprisonment.
We have reviewed the issues raised and consider only one to merit our attention: Whether trial counsel was ineffective in neglecting to object to the trial court’s failure to instruct the jury on those elements of first degree robbery which are encompassed in § 13A-8-43. In instructing the jury on the elements of the offense charged, the court stated the following:
“Now, the defendant in this case is charged with robbery in the first degree. Let me explain to you the law as it pertains to robbery in the first degree.
“The law says under Section 13A-8-41 of the Code of the State of Alabama that a person commits the crime of robbery in the first degree if he violates Section 13A-8-43, and he — and I will read the other subparagraphs to you. Before I do that, let me read to you Section 13A-43.
“Section 13A-43 reads as follows: A person commits the crime of robbery if in the course of committing a theft if he: is armed with a deadly weapon or dangerous instrument; or causes serious physical injury to another. And (b) under that: possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a dangerous weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under Section (a) of this section that he was so armed.
“Again 13A-43. 13A-8-43. A person commits the crime of robbery in the first degree if in the course of committing the theft, he is armed with a deadly weapon or a dangerous instrument or causes serious physical injury to another. Or (b) under the same section: possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any averment or oral representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
“I will charge you ladies and gentlemen of the jury as a matter of law that a pistol or gun is, as the law defines it, a dangerous weapon.
“Now, that is the way the law defines the charge that this defendant is accused of having committed.”
At the conclusion of the court’s oral charge, defense counsel announced that he was satisfied with the charge and, then, the following occurred:
“MR. TRAVIS [Assistant District Attorney]: Just to keep the record clean, I think the court is bound to define in the course of committing a theft. The court might want to do that.
“THE COURT: Okay.
“MR. SMITH [Defense counsel]: I think you covered it very adequately. With the stealing of the money and you use a weapon, that makes it robbery.
“THE COURT: All right. I’ve got it. Okay.
“MR. SMITH: Yes.
“THE COURT: Come on, Mr. Travis.
“MR. TRAVIS: The other thing I think the court needs to advise the jury on is: He threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.
“THE COURT: All right. Let me look at it. Where? Okay. A person commits the crime of robbery in the first degree if in the course of committing a theft, he— well, then don’t you switch over there?
“MR. TRAVIS: Yes, you do, but the indictment alleged there is an intent to compel acquiescence to the taking of. Because the indictment alleges it, I am bound to prove it. I don’t think the court charged them on that.
“THE COURT: On one or two?
*131 “MR. TRAVIS: Either. Threatens the imminent use of force.
“SMITH: This is just the very thing Mr. Travis does in every case. He wants you to go back and—
“MR. TRAVIS: Kind of like like the end of your charge with: All this defendant has is poor old Elno Smith.
“MR. SMITH: That’s right. The State the Police Department and all of the resources.
“THE COURT: A person commits crime of robbery in the first degree if in the course of committing a theft he does these things back over here on 13A-8-41. However, I will charge on what—
“MR. TRAVIS: 13A-8-40 [sic].
“THE COURT: All right. I will charge on that.
(Whereupon, the following occurred in open court as follows:)
“THE COURT: Ladies and gentlemen of the jury, I will charge you that in the course of committing a theft embraces such acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the commission— after the attempt or the commission. Again, I charge you that in the course of committing a theft embraces such acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission.
“What says the State?
“MR. TRAVIS: Satisfied.
“THE COURT: What says the defense?
“MR. SMITH: Satisfied, Your Honor.”
In consideration of the facts that this allegation of ineffective counsel has been raised for the first time on direct appeal and that the allegation is supported by specific facts, we exercise our recognized authority to remand this cause to the trial court for a determination on Harris’s allegation. See Thompson v. State, [Ms. 84-304 and -305, September 27, 1985] (Ala.1985). We have determined that justice requires it. Id. The court, if it deems that necessity so requires, shall hold a hearing and forward the transcript of this hearing to this court. In any event, the trial court shall make written findings on this issue and forward those to this court.
REMANDED WITH DIRECTIONS.
TYSON and TAYLOR, JJ., concur.
BOWEN, P.J., dissents with McMILLAN, J., joining in the dissent.