TAYLOR, Presiding Judge.
The appellant, Henry Lee Miles, was convicted, in the municipal court of the City of *346 Tuscaloosa, of assault in the third degree, in violation of § 13A-8-22, Code of Alabama 1975. He was sentenced to six months in jail, was fined $500, and was ordered to pay the victim’s hospital bills, which totaled approximately $7,000. Upon this conviction, he filed an appeal to circuit court for a trial de novo, along with a demand for a jury trial.
A pre-trial conference in the circuit court *was held on February 23, 1989, at which time the case was announced ready for trial. After one continuance, the case was included on the trial docket for May 1, 1989, some two to three weeks in advance of the trial date. The published dockety was made available to all parties, and a subpoena concerning the scheduled trial was mailed to the appellant’s address.
At the docket call, neither the appellant nor his attorney was present. Pursuant to statutory authority, the circuit court dismissed the appeal and returned the case to the municipal court. On May 23, 1989, the appellant's counsel filed a “motion for a new trial” with the circuit court, which was denied following a hearing. This appeal ensued.
The appellant raises two issues on appeal.
I
The appellant first contends that he was denied due process when the trial judge dismissed his appeal from the municipal court.
Section 12-14-70, Code of Alabama 1975, reads, in pertinent part:
“(f) Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant.” (Emphasis added.)
The appellant does not dispute the fact that neither he nor his attorney appeared in circuit court when his case was called for trial. After carefully reviewing the record, we find no abuse of discretion by the trial court when it exercised its statutory authority in dismissing the appeal and remanding the cause to the municipal court. Wilson v. City of Prattville, 465 So.2d 1169 (Ala.Cr.App.1984). Therefore, the appellant has failed to demonstrate any denial of due process.
II
The remaining issue raised by appellant concerns the effectiveness of his trial counsel. The allegations are those frequently raised by a Rule 20, A.R.Crim.P.Temp., petition for post-conviction relief, or its predecessor, a petition for writ of error coram nobis. The allegations represent accusations which the trial defense counsel has not had the opportunity to answer. Our Supreme Court, in Thompson v. State, 525 So.2d 820, 831 (Ala.1985), has stated “that the Court of Criminal Appeals has authority to remand a case, if it determines justice would require it, to the trial court for a determination to be made on the defendant’s claim that he was inadequately represented at his trial.” Here, appellant contends that his counsel’s actions resulted in his forfeiture of a trial de novo in circuit court. “Because of the nature of those allegations and in an attempt to settle this issue as soon as possible, we remand this cause to the circuit court with directions that an evidentiary hearing be held on the competency of ... counsel.” Delevie v. State, 454 So.2d 1044, 1048 (Ala.Cr.App.1984). See also Harris v. State, 512 So.2d 129 (Ala.Cr.App.1987); McNeely v. State, 524 So.2d 375 (Ala.Cr.App.1986). The trial court shall make written findings of fact on this issue based on the standards enunciat *347 ed in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and forward these findings, along with the transcript of the proceedings, to this court for review.
REMANDED WITH DIRECTIONS.
All Judges concur.