Rebecka Lawson was convicted in the Municipal Court of Tuscumbia of driving under the influence. Pursuant to Ala. Code 1975, § 12-14-70, she appealed to the circuit court. Neither she nor her attorney was present when her case was called for trial in circuit court, and that court dismissed her appeal. Pursuant to § 12-14-70(f), Lawson filed several motions to reinstate her appeal, and all those motions were denied. Lawson petitioned for a writ of mandamus to direct the trial court to reinstate the appeal; she also appealed to the Court of Criminal Appeals, which affirmed the trial court's judgment. 567 So.2d 1371. We granted Lawson's petition for writ of certiorari to the Court of Criminal Appeals. We have consolidated Lawson's petition for the writ of mandamus with our certiorari review of the judgment of the Court of Criminal Appeals. Because the same issue is addressed by the petition for writ of mandamus and by the certiorari petition, we have used the briefs related to the writ of mandamus to aid in our disposition of both cases, thus avoiding having the parties rebrief the issues after we granted Lawson's writ of certiorari. Our discussion, except as otherwise indicated, addresses Lawson's certiorari petition.
On September 18, 1989, the trial court published its criminal docket, which included Lawson's case. On that day the court conducted a trial not related to Lawson's case. On September 19 and 20 Lawson's case was not called, because the court was trying other cases and was conducting other business. Lawson's attorney contacted the court on both September 19 and 20, settling two other cases and inquiring about Lawson's case and the criminal docket. On the evening of September 20, employees at the courthouse where the court was located informed Lawson's attorney that the next case was City of Tuscumbia v.A.R.
Lawson's attorney contacted A.R.'s attorney, and A.R.'.s attorney informed him that A.R.'s case would be tried to a jury the next morning. Lawson's attorney had another case, involving D.H., that was numbered sequentially in a manner that indicated it would be tried before Lawson's case was tried.
The next morning, A.R.'s case was disposed of without a jury trial. Between 9:15 and 9:30 A. M., the trial court contacted Lawson's attorney to get him to come to the courthouse for D.H.'s case. At that time, Lawson's attorney was in bankruptcy court. Lawson's attorney arrived at the courthouse between 10:25 and 10:45 A.M. The court then informed Lawson's attorney that Lawson's appeal had been dismissed on the motion of the prosecution. Lawson's attorney immediately informed the trial court that he could have Lawson at the courthouse for trial within 15 minutes. Lawson states that she works at a location within five minutes' travel from the courthouse. At 1:30 that afternoon, Lawson filed a motion pursuant to § 12-14-70(f) to reinstate her appeal. The trial court denied that motion and other motions to reinstate the appeal.
Lawson contends that her appeal should be reinstated, or, alternatively, that she should at least be given a hearing on her § 12-14-70(f) motion. Because we decide this case on other grounds, we do not determine whether § 12-14-70(f) requires a hearing.
Section 12-14-70(f) provides: *Page 1054 
 "(f) Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant."
(Emphasis added.)
When we review the holding of the trial court on the §12-14-70(f) motion to reinstate, we determine whether the trial court abused its discretion in determining that Lawson did not show good cause for the reinstatement of her appeal. Milesv. City of Tuscaloosa, 555 So.2d 345 (Ala.Cr.App. 1989);Wilson v. City of Prattville, 465 So.2d 1169
(Ala.Cr.App. 1984). The arguments against Lawson are directed toward showing that the dismissal was proper; although we might find that the trial court did not abuse its discretion in determining that there was inadequate evidence of good cause to excuse the default and allow the appeal to withstand the prosecution's motion to dismiss, the issue before this Court is whether denial of the motion to reinstate theappeal was proper. The statute provides both that the trial court shall dismiss the appeal, unless good cause is shown for default, and that the trial court may reinstate the appeal, if the defendant shows good cause for reinstatement.
Lawson's lawyer was in another court at the time Lawson's case was called; he was informed by courthouse employees that at least one other jury trial was to take place before Lawson's; the docket indicated several cases between the first case of the day, which was set for a jury trial, and Lawson's case; Lawson's lawyer arrived within an hour of when the case was dismissed; he offered to try the case immediately, if the trial court would allow it; Lawson says that her workplace was within five minutes' travel from the courthouse; she states that she would have been immediately available for that trial, if the trial court had reinstated her appeal; and Lawson moved for reinstatement within three to four hours of the dismissal. Considering these circumstances, we hold that the trial court abused its discretion when it denied Lawson's § 12-14-70(f) motion for reinstatement. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand; that court is directed to remand for the circuit court to set aside its dismissal and reinstate the appeal.
Because we reverse and because Lawson's petition for a writ of mandamus seeks in substance the same relief accorded by reversing the judgment, the petition for writ of mandamus is due to be dismissed as moot.
89-1674 REVERSED AND REMANDED.
89-225-M DISMISSED AS MOOT.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.