This is an appeal from the circuit court's judgment dismissing an appeal from municipal court. The appellant, Paul Bryan Hart, contends that the circuit court abused its discretion in refusing to reinstate the appeal.
The appellant was convicted on January 12, 1993, of the offenses of driving under the influence of alcohol, driving while his license was revoked, speeding, and illegal possession of prohibited liquor in the municipal court of the City of Priceville, Alabama. The appellant appealed to the Circuit Court of Morgan County for trial de novo. On May 21, 1993, the circuit court dismissed the appeal when the appellant failed to appear for arraignment on that date.
On June 9, 1993, the appellant filed a motion to vacate the order dismissing his appeal, alleging that he had been unaware of the date of his arraignment:
 "Your petitioner would represent and show that he did not receive his notification of the court date until May 25, 1993. Your petitioner would further allege that the notices were received in his mailbox on Friday afternoon, May 21, 1993. However, the defendant would represent and show that he was out of town and it was not until the following Tuesday, May 25, 1993, that he was made aware of the court setting. Therefore, since the defendant did not receive notice of the arraignment, his lawful right to appeal has been effectively denied based on the fault of the United States Postal Service." R. 22.
We find no abuse of discretion in the circuit court's refusal to reinstate the appeal from municipal court.
"[I]t is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956)." Ex parteWeeks, 611 So.2d 259, 262 (Ala. 1992). "Generally, a party, whether represented by counsel or acting pro se, has a duty to keep abreast of the status of his case, and no duty rests on the court or opposing parties to advise him of the trial date.Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App. 1987). Moreover, the dismissal of a case for lack of prosecution and the subsequent refusal to reinstate it are discretionary with the trial court. Bowman v. Slade." Waters v. Smith, 586 So.2d 22
(Ala.Civ.App. 1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 831