The appellant, Jonathan Riddle, appeals from the circuit court's dismissal of his appeal for a trial de novo.
The appellant was convicted of driving under the influence and improper passing in the district court, and he appealed to the circuit court for a trial de novo. On January 4, 1993, the appellant waived arraignment and entered pleas of not guilty to both offenses in circuit court. On April 15, 1993, the appellant and his attorney appeared at a plea docket and at a pre-trial conference. The case was continued on the appellant's motion without objection by the State. R. 4.
In response to a court appearance notice notifying the appellant that his case was set for arraignment on July 30, 1993, that plea day would be September 30, and that his trial was scheduled for October 4, the appellant's attorney wrote the following letter, dated June 24, to the assistant district attorney handling the appellant's case and sent a copy to the circuit clerk:
"Kelly Livingston
District Attorney's Office
St. Clair County Courthouse
Pell City, AL 35125
"RE: Thomas Jonathan Riddle
Case No. CC 92-230 231
My file: 9465
"Dear Kelly:
 "I have received notice that the above case is set for arraignment on July 30, 1993, plea day on September 30, 1993, and trial on October 4, 1993.
 "I would appreciate and would assume we could travel on the same agreement as before; that my client will appear on October 4, 1993 for trial as he has already waived arraignment and he does not wish to plead guilty at this time.
 "Please advise if there is a necessity that he appear at any time other than October 4, 1993 for trial.
"Very truly yours,
"Walter L. Blocker, III
"WLBIII/be
"cc: Clerk of Court" Supp.R. at 3.
Counsel received no response to the letter. Neither the appellant nor his attorney appeared in court on plea day, September 30, 1993, and the circuit judge dismissed the appeal.
On October 4, the date set for trial, the appellant filed a motion to reinstate his appeal. The circuit court summarily denied that motion on October 14.
The procedure for dismissing a case appealed to circuit court for a trial de novo is set out in Ala. Code 1975, § 12-14-70(f), and in Rule 30.5(b), A.R.Crim.P. Section 12-1470(f) provides:
 "Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by the defendant." (Emphasis added.)
Rule 30.5(b) provides:
 "Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe. The entry of a judgment of default on the appeal bond *Page 1318 
shall comply with the procedures set forth in § 15-13-81, and a forfeiture may be entered by the circuit court or the court from which the appeal is taken." (Emphasis added.)
In Ex parte Hilburn, 591 So.2d 8 (Ala. 1991), the Alabama Supreme Court settled the question whether the mandatory provisions of § 12-14-70(f) or the permissive provisions of Rule 30.5(b), govern the dismissal of appeals for trial de novo. The court held that the mandatory provisions of the statute rather than the permissive provisions of the rule "accurately represent the policy of this state." Ex parteHilburn, 591 So.2d at 12.
The Hilburn court was not called upon to decide, as are we, the point at which the circuit court has authority to dismiss a de novo appeal because of the defendant's failure to appear in court. The appellant argues that the circuit court had no authority to dismiss his appeal prior to the date set fortrial. In the alternative, he contends that if the circuit court did have authority to dismiss the appeal before that time, then the court abused its discretion by failing to reinstate the appeal.
The plain wording of both § 12-14-70(f) and Rule 30.5(b) supports the appellant's contention that the circuit court has authority to dismiss a de novo appeal only when the defendant fails to appear for trial. Section 12-14-70(f) provides, "Upon failure of an appellant to appear in the circuit court when thecase is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal." (Emphasis added.) Rule 30.5(b) provides, "Where appellant, without sufficient excuse, does not appear for trial de novo when called fortrial, the court may dismiss the appeal." (Emphasis added.)
We have been cited to no authority authorizing the dismissal of a de novo appeal based upon a defendant's failure to appear at a time other than when the defendant's case is called for trial. See Ex parte Lawson, 578 So.2d 1052 (Ala. 1991) (defendant not present when case called for trial); Grizzard v.City of Huntsville, 641 So.2d 1273 (Ala.Cr.App. 1993) (defendant not present when case called for trial); Knight v.City of Enterprise, 594 So.2d 1302 (Ala.Cr.App. 1992) (defendant not present at call of trial docket).
We, therefore, hold that the circuit court's dismissal of the appeal when the appellant failed to appear at "plea day" was premature. Compare Grizzard v. City of Huntsville, 641 So.2d at 1273 ("[t]he appeal was properly dismissed because the appellant failed to appear on the scheduled trial date"). Because it was unauthorized by either statute or rule, the circuit court's dismissal of the appeal is due to be reversed.
Even if the dismissal of the appeal was proper, the circuit court's refusal to reinstate the appeal constituted an abuse of discretion. The court file contained a copy of the letter from the appellant's attorney to the assistant district attorney. That letter spelled out the appellant's understanding that he was not required to be present before the date set for trial and requested notification from the prosecutor in the event his understanding was wrong. The circuit court was presented with information from which it should have concluded that the appellant had "good cause" for his failure to appear in court on plea day. See Ex parte Lawson, 578 So.2d 1052, 1054 (Ala. 1991) ("although we might find that the trial court did not abuse its discretion in determining that there was inadequate evidence of good cause to excuse the default and allow the appeal to withstand the prosecution's motion to dismiss, the issue before this Court is whether denial of the motion toreinstate the appeal was proper").
The judgment of the circuit court dismissing the appellant's de novo appeal is reversed and this cause is remanded with directions that the circuit court set aside its dismissal and reinstate the appeal.
REVERSED AND REMANDED.
All Judges concur.
 *Page 1