LONG, Judge.
The appellant, Michael Edward Maddox, appeals from the circuit court’s dismissal of his appeal from the district court for a trial de novo.
The appellant was convicted in the district court in September 1994 of driving under the influence and of driving while his driver’s license was revoked, and he appealed to the circuit court. The appellant and his attorney appeared in the circuit court on plea day, November 17, 1994, at which time the appellant was arraigned and entered a plea of not guilty. The case was set for trial on November 28, 1994. However, the case was not reached on the trial docket on November 28, 1994, and was carried over to the next docket call. A second plea day was set for January 26, 1995. The appellant failed to appear in the circuit court at the plea docket on January 26, 1995, and the circuit judge dismissed the appeal.[1] On February 8,1995, the appellant filed a motion to set aside the circuit court’s order of dismissal. The circuit court summarily denied that motion on February 10,1995.
The dismissal of an appeal to the circuit court from the district court based on the appellant’s failure to appear is governed by § 12-12-70(e), Code of Alabama 1975, which provides, in pertinent part, as follows:
“The circuit court shall, upon failure of the appellant to appear in court when the case is called for trial, unless good cause for such default is shown, enter an order dismissing the appeal.... On motion of the defendant for good cause shown, the circuit court may, within 30 days of the date of the order of dismissal, set it aside and reinstate the appeal on such terms as the court may prescribe.... ”
See also § 12-14-70©, Code of Alabama 1975 (governing the dismissal of an appeal to the circuit court from the municipal court based on the appellant’s failure to appear, and tracking the language of § 12-12-70(e)). The dismissal of an appeal to the circuit court from either the municipal court or the district court based on the appellant’s failure to appear is also governed by Rule 30.5(b), Ala.R.Crim.P., which tracks the language of ■§ 12-12-70(e) and § 12-14-70(f). Rule 30.5(b), however, is permissive, while the provisions of the two statutes are mandatory. In Ex parte Hilbum, 591 So.2d 8 (Ala.1991), the Alabama Supreme Court addressed the distinction between § 12-14-70© and Rule 30.5(b) and “held that the mandatory provisions of the statute rather than the permissive provisions of the rule ‘accurately represent ] the policy of this state.’ ” Riddle v. State, 641 So.2d 1316, 1318 (Ala.Cr.App.1994) (quoting Hilbum at 12).
The appellant contends that the circuit court abused its discretion by failing to reinstate his appeal. We need not address this contention, however, because we hold that the circuit court did not have authority to dismiss the appeal in the first place.
In Riddle, we held that the circuit court has authority to dismiss a de novo appeal based upon an appellant’s failure to appear only when the case is called for trial and that the court’s dismissing an appeal for an appellant’s nonappearance at “plea day” is “unauthorized by either statute or rule.” Id. at 1318. Therefore, dismissal for failure to appear at “plea day” is premature.
The State acknowledges our holding in Riddle but contends that the facts in the present case are distinguishable from the facts in Riddle. The State argues that, unlike Riddle, there is no indication in the record that the appellant would not have entered a plea of guilty, and that, therefore, “plea day” on January 26,1995, was in effect “trial day” because the appellant could have entered a plea of guilty, and the entry of such a plea would have taken the place of a trial. Notwithstanding the State’s conten *164 tion, there is every indication from the record that the appellant would have entered a plea of not guilty; in fact it is quite clear from the record that, just as in Riddle, the appellant entered a plea of not guilty before he failed to appear at the second “plea day,” which nonappearance was the basis of the dismissal of the appeal. The facts of this case are virtually identical to those in Riddle. The circuit court had no authority to dismiss the appeal.
The judgment of the circuit court dismissing the appellant’s de novo appeal is reversed and this cause is remanded with directions that the circuit court set aside its dismissal and reinstate the appeal.
REVERSED AND REMANDED.
All Judges concur.

. Both the case action summary and a separate written order of the circuit judge clearly reflect that the appeal was dismissed for the appellant's failure to appear for plea docket.