COBB, Judge.
The appellant, John G. Campbell, appeals from the circuit court’s dismissal of his appeal for a trial de novo. The attorney general has made a motion requesting that this cause be remanded and the appeal reinstated on the authority of Riddle v. State, 641 So.2d 1316 (Ala.Cr.App.1994).
The appellant, a truck driver from Fort Worth, Texas, was convicted of both driving under the influence and illegal possession of prohibited liquor in the District Court of Lawrence County, Alabama. He appealed this conviction to the circuit court for a trial de novo. On January 14, 1995[1], the circuit court set his arraignment on the January 26, 1995, plea docket. C.R. 15. The appellant failed to appear on this date, and his appeal was dismissed. On February 8, 1995, the circuit court set the appellant’s motion to reinstate his appeal for a hearing on March 3, 1995. In this motion the appellant alleged that his attorney had received the notice from the court of the January 26 setting of the arraignment on January 14. This information was mailed to the appellant in Texas on this date. However, the motion continues, “the Defendant is an over the road truck driver and is away from his residence for weeks at a time and the Defendant maintains that he never received either of the aforementioned notices [the January 14, 1995 notice and the February 8, 1995 notice].” C.R. 13. The appellant also failed to appear at the March 3 hearing and the court denied his motion to reinstate his appeal. C.R. 13.
The record of the March 3 docket call was not included in the record. However, the *912 State concedes that counsel for the appellant, Thomas Denham, appeared before the court on March 8 and that a brief hearing was held, at which Denham explained to the court that his client was stranded at the Dallas/Fort Worth airport due to bad weather. Denham presented the court with a facsimile copy of the appellant’s airline ticket. The appellant later filed an affidavit stating that he had been scheduled to fly to Alabama on March 2, 1995, but that all flights out of the Dallas/Fort Worth airport were canceled due to “ice and bad weather.” C.R. 25. He stated that he waited at the airport for four hours on March 2 and for five hours the morning of March 3 hoping to get a flight so that he could arrive in Alabama in time for his 1:00 p.m. court appearance, but that after making “every effort” he could not. C.R. 25.
In Riddle, 641 So.2d at 1318, this court ruled that “the circuit court’s dismissal of the appeal when the appellant failed to appear at ‘plea day’ was premature. Compare Grizzard v. City of Huntsville, 641 So.2d 1273 (Ala.Cr.App.1993) (‘the appeal was properly dismissed because the appellant failed to appear on the scheduled trial date’). Because it was unauthorized by either statute or rule, the circuit court’s dismissal of the appeal is due to be reversed.” Here, the trial court’s order states that the appellant failed to appear for the “call of the setting of the Plea Docket.” C.R. 12. Therefore the trial court’s dismissal of the appeal on January 26 was premature.
Additionally, here, as in Riddle, “[e]ven if the dismissal of the appeal was proper, the circuit court’s refusal to reinstate the appeal constituted an abuse of discretion.... The circuit court was presented with information from which it should have concluded that the appellant had ‘good cause’ for his failure to appear in court on plea day. See Ex parte Lawson, 578 So.2d 1052, 1054 (Ala.1991) (“although we might find that the trial court did not abuse its discretion in determining that there was inadequate evidence of good cause to excuse the default and allow the appeal to withstand the prosecution’s motion to dismiss, the issue before this court is whether denial of the motion to reinstate the appeal was proper”)” (emphasis in Lawson). We note that January 14, 1995, was a Saturday, January 15, a Sunday and the January 16, was Monday, Martin Luther King, Jr.’s birthday. Mail is not delivered on Martin Luther King Jr.’s birthday, which is a federal holiday. Therefore, if notice was mailed to the appellant on January 14, it is not unrealistic to assume that it was not deposited in his mailbox until January 18, 19, or 20. Given the nature of the appellant’s profession it is believable that he was away from home for what could have been as little as six days and missed the notice.
We realize that the trial court in this case scheduled a March 3 hearing to determine whether the appellant’s appeal should be reinstated and that the appellant again did not appear. However, given the undisputed information in the record, a continuance at this time would have better served the ends of justice. The undisputed facts presented above provide good cause for the appellant’s failure to appear on both January 26 and March 3.
Therefore, in light of the law as discussed above and the attorney general’s motion to remand this matter for reinstatement of the appeal, the judgment of the trial court dismissing the appellant’s de novo appeal must be reversed and the cause remanded for that court to set aside its dismissal and reinstate the appellant’s de novo appeal.
REVERSED AND REMANDED.
All the Judges concur.

. The date on the only document in the record indicating when the appellant’s arraignment was set, January 14, 1995, which was a Saturday.