The petitioner, Christopher B. Swoope, filed this petition for a writ of mandamus directing the Honorable Steve Haddock, circuit judge for the Eighth Judicial Circuit, to reinstate Swoope's de novo appeal. Swoope was convicted in the Decatur Municipal Court of harassment, and he appealed for a trial de novo in the Morgan Circuit Court. Swoope's trial was originally set for June 22, 1998. The date was continued to June 25, 1998, at 9:00 a.m. When Swoope failed to appear for trial, Judge Haddock dismissed the appeal. Swoope filed a motion to set aside the order of dismissal, arguing that he was confused about the date and time of the trial. The motion to set aside the order of dismissal was denied, and on August 17, 1998, Swoope filed this petition for the writ of mandamus.
On August 21, 1998, pursuant to Rule 21 (b), Ala.R.App.P.,[1]
this Court allowed Judge Haddock 21 days, i.e., until September 11, 1998, to answer the allegations in the petition. No answer was filed with this Court. A week after the answer was due, this Court inquired of Judge Haddock's office as to why an answer had not been filed. This Court was told that Judge Haddock would not be filing a response to the petition.
Failure to respond to the allegations in a petition for a writ of mandamus compels this Court to consider those allegations to be true. The Alabama Supreme Court, noting the importance of an answer, stated, "[A]n answer in a mandamus proceeding is very important, as is evidenced by this Court's holding that uncontroverted averments of fact stated in an answer should be taken as true." Ex parte Sharpe, 513 So.2d 609, 610 (Ala. 1987). See also Ex parte Helbling, 278 Ala. 234, 177 So.2d 454 (1965). A further reason for requiring an answer is that mandamus relief may not be granted *Page 94 
unless the respondent is granted an opportunity to answer the allegations in the petition. Sharpe, 513 SO.2d 609; See also Rule 21 (a), Ala.R.APP.P.
This Court is aware of the provision in Rule 21 (b), that when a respondent judge does not appear in a proceeding a reviewing court may not take the petition as admitted. Before Rule 21 was adopted, the Alabama Supreme Court had Stated in GuarantyFunding Corp. v. Bolling, 288 Ala. 319, 260 So.2d 589, 596 (1972):
 "[T]he answer does not contain a denial of any of the facts stated in the petition for mandamus, nor does it contain averments of other facts sufficient in law to defeat the petitioner's application. It follows that the averments of fact in the petition for mandamus . . . will be taken as true. — State ex rel. St. Peter's M. Baptist Church v. Smith, [215 Ala. 449, 111 So. 28 (Ala 1927)] Ex parte Cullinan, [224 Ala. 263, 139 So. 255 (Ala. 1931)]."
(Emphasis added.) See also State v. Cross-man, 687 So.2d 817
(Ala.Cr.App. 1996). Here, the "averments of fact" in the petition are supported by accompanying affidavits, copies of motions filed in the circuit court, and copies of orders issued by the circuit court. This Court has considered all of the "averments of fact" in the petition to be true.[2]
As with any extraordinary petition, this Court must first determine if mandamus review is appropriate. The Alabama Supreme Court has reviewed a similar contention by way of mandamus. SeeEx parte Lawson, 578 So.2d 1052 (AIa), On remand, 578 So.2d 1054
(Ala.Cr.App. 1991).
Swoope argues in his petition that Judge Haddock abused his discretion in not reinstating his de novo appeal because, he says, he was notified of the wrong time to be in court. A copy of the Court notification sent to Swoope by his attorney is included with the mandamus petition. The notification States that the trial was set for June 25, 1998, at 1:30 P.m. Trial was actually set for 9:00 a.m. However, the notification sent to Swoope by his attorney was not presented to the trial court in support of the motion to set aside the order of dismissal. Swoope States in his petition:
 "Consel for the Defendant/Petitioner only learned about his incorrect court reminder notice when the Defendant eventually Showed up in Counsel's Office with the said notice. This however was after the Defendant's Counsel had served the Circuit Court a Motion to Set Aside Order of Dismissal."
The Alabama Supreme Court in Royal v. Safety Coatings, Inc.,655 So.2d 927, 932 (Ala. 1994), quoting Teng v. Diners Club, Inc,424 So.2d 629, 629-30 (Ala.CiV.APP. 1982), stated:
 "`We cannot consider evidence or a factual assertion outside of the record which is contained solely in [the appellant's] brief any errors committed by the trial court must be affirmatively demonstrated by the record filed in this court, and, if it does not disclose the facts upon which an alleged error is based, we will not consider that issue.'"
Therefore, we have not considered the notification sent by Swoope's attorney, because the trial court did not have the benefit of it. The only evidence this Court may consider is the evidence presented in Swoope's motion to set aside the order of dismissal. That motion states:
 "The Defendant, unfortunately, confused the time that his lawyer told him (9:00 am.) with the time that the Court told him (1:30 p.m.)."
Judge Haddock stated in his order denying the motion:
 "The Defendant asks the Court to reinstate his appeal because he misunderstood or was confused about the trial setting. Amazingly, no other person affiliated with the case suffered from this same confusion or misunderstanding. Whether the Defendant was confused or not makes no difference to those persons who took time away *Page 95 
from their jobs or families to appear in court on time for the Defendant's trial. His confusion carries little weight with the Court [, which] was required to pay the prospective jurors who appeared timely and were available for the Defendant's trial. In the final analysis, the Defendant and his attorney shared the responsibility for his appearing on the appointed day and time for the trial of this case."
De novo appeals and their dismissal and reinstatement are governed by § 12-14-70 (f), Code of Alabama 1975, and Rule 30.5 (b), Ala.R.Crim.P. Section 12-14-70 (f) states, in pertinent part, as follows:
 "Upon failure of the appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal. . . . The circuit court may, on motion of the defendant, within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant."
Rule 30.5 (b), Ala.R.Crim.P. states in pertinent part:
 "Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe."
This Court has previously addressed a circuit court's refusal to reinstate a de novo appeal. In Riddle v. State, 641 So.2d 1316
(Ala.Cr.App. 1994), this Court, holding that the trial court had prematurely dismissed the de novo appeal after the appellant failed to appear at his "plea date," stated that the trial court abused its discretion in failing to reinstate the de novo appeal. The Riddle Court stated:
 "Even if the dismissal of the appeal was proper, the circuit court's refusal to reinstate the appeal constituted an abuse of discretion. The court file contained a copy of the letter from the appellant's attorney to the assistant district attorney. That letter spelled out the appellant's understanding that he was not required to be present before the date set for trial and requested notification from the prosecutor in the event his understanding was wrong. The circuit court was presented with information from which it should have concluded that the appellant had `good cause' for his failure to appear in court on plea day. See Ex parte Lawson, 578 So.2d 1052, 1054
(Ala. 1991) ('although we might find that the trial court did not abuse its discretion in determining that there was inadequate evidence of good cause to excuse the default and allow the appeal to withstand the prosecution's motion to dismiss, the issue before this Court is whether denial of the motion to reinstate the appeal was proper')."
641 So.2d at 1318. (Emphasis in original.) In Campbell v. State,668 So.2d 911 (Ala.Cr.App. 1995), this court reviewed a trial court's failure to reinstate a de novo appeal after evidence had been presented that the appellant was unable to appear in court because his airline flight to Alabama had been canceled because of weather conditions and that he had made every effort to meet his court date.
However, the situation presented by this case is factually different from those present in Riddle and Campoell, and Judge Haddock's ruling is supported by prior caselaw.
It is the policy of the judicial system of this state that an accused has a duty to monitor the status of his case. Ex parteWeeks, 611 So.2d 259 (Ala. 1992). This policy was discussed inHart v. City of Priceville, 631 So.2d 301 (Ala.Cr.App. 1993):
 "`[I]t is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court of the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial *Page 96 
§ 9 (1) (1956).' Ex parte Weeks, 611 So.2d 259, 262 (Ala. 1992). `Generally, a party, whether represented by counsel or acting pro se, has a duty to keep abreast of the status of his case, and no duty rests on the court or opposing parties to advise him of the trial date.' Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App. 1987)."
631 So.2d at 302. The Hart Court held that the trial court did not abuse its discretion in failing to reinstate the de novo appeal because Hart had failed to monitor the status of his case. This case is factually similar to Hart and is therefore governed by our holding in that case.
Before a writ of mandamus may issue, four requirements must be satisfied. There must be 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. State v. Williams, 679 So.2d 275 (Ala.Cr.App. 1996).
We sympathize with the position in which Swoope finds himself; however, this Court must apply long-established law. Swoope has not shown that he has a clear legal right to the relief sought. For the foregoing reasons this petition for a writ of mandamus is due to be denied.
PETITION DENIED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
[1] This rule states, in pertinent part: "If the court is of the opinion that the writ should not be granted, it shall deny the petition. Otherwise it shall order that an answer to the petition be filed by the respondents within the time fixed by the order. . . . If the judge or judges named respondents do not desire to appear in the proceeding, they may so advise the clerk and all parties by letter, but the petition shall not thereby be taken as admitted."
[2] This Court would be placed in an untenable position if we could not consider the uncontroverted facts in a petition to be true when no answer is filed by a respondent judge that refutes them. *Page 521