McMILLAN, Presiding Judge.
The appellant, Jason Christopher Campbell, appeals from the Baldwin Circuit Court’s denial of his motion to reinstate his appeal of his municipal court conviction for DUI.[1] The record indicates that the circuit court dismissed Campbell’s appeal when he failed to appear for his arraignment hearing on November 27, 2001. Campbell’s counsel then requested the circuit court to reinstate his appeal, stating in his motion that a waiver of arraignment had been mailed to the circuit court on November 13, 2001. The circuit court denied Campbell’s motion to reinstate, and he appealed the matter to this Court.
Rule 30.5(b), Ala. R.Crim. P., explains the procedure for dismissing a de novo appeal to the circuit court[2]:
“Where appellant, without sufficient excuse, does not appear for trial de novo *841 when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court’s judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe .... The entry of a judgment of default on the appeal bond shall comply with the procedures set forth in § 15-13-81, and a forfeiture may be entered by the circuit court or the court from which the appeal is taken.”
The circuit court’s dismissal of Campbell’s appeal when he faded to appear at arraignment was premature. Pursuant to this Court’s holding in Riddle v. State, 641 So.2d 1316 (Ala.Crim.App.1994), the judgment of the circuit court is reversed and this cause is remanded with directions for the circuit court to set aside its dismissal and to reinstate Campbell’s appeal of his DUI conviction.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Campbell also appealed to the trial court his municipal court conviction for reckless driving. However, after the trial court’s dismissal of his appeal, Campbell did not move to reinstate the reckless driving appeal. Although he argues in his appellate brief that both appeals should be reinstated, only the issue of his DUI appeal is properly before this Court.

. We are quoting Rule 30.5(b), Ala. R.Crim. P., as it read before an amendment to that rule, effective August 1, 2002.