Appellant Eddie James Tolbert, a juvenile, was adjudicated delinquent based on allegations of escape, assault on a police officer, and resisting arrest, and was placed on probation for one year. The probation officer filed an unverified petition asking that the appellant's probation be revoked. He alleged that the appellant had been absent from school, had been suspended from school, and was failing his academic subjects. The trial judge found that while Tolbert accounted for his absenses from school, his suspension from school based on fighting was sufficient to revoke his probation.
The appellant, Eddie James Tolbert, alleges that the juvenile court lacked jurisdiction because the petition filed against him was unverified. Section 12-15-75, Code of Alabama 1975, states as follows:
 "Proceedings against children violating terms of probation, aftercare or protective supervision; disposition of such children.
". . . .
 "(b) A proceeding to revoke probation, aftercare or protective supervision shall be commenced by the filing of a petition entitled `petition to revoke probation,' *Page 181 
`petition to revoke aftercare' or `petition to revoke protective supervision.' Except as otherwise provided, such petitions shall be screened, reviewed and prepared in the same manner and shall contain the same information as provided in sections 12-15-50 and 12-15-52. The petition shall recite the date that the child was placed on probation, aftercare or under protective supervision and shall state the time and manner in which notice of the terms of probation, aftercare or protective supervision was given."
Section 12-15-52, is as follows:
"Form, contents and execution of petitions.
 "(a) A Petition may be signed by any person who has knowledge of the facts alleged or is informed of them and believes that they are true.
 "(b) A petition shall be entitled "In the matter of ..........., a child" and shall be verified by the person who signs it.
"(c) The petition shall set forth with specificity:
 "(1) The facts which bring the child within the jurisdiction of the court, the facts constituting the dependency, delinquency or need of supervision and that the child is in need of supervision, treatment, rehabilitation, care or the protection of the state, as the case may be;
 "(2) The name, age and residence address, if any, of the child on whose behalf the petition is brought;
 "(3) The names and residence addresses, if known to the petitioner, of the parents, guardian or custodian of the child. If no parent, guardian or custodian resides or can be found within the state or if their respective places of residence are unknown, the name of any known adult relative residing within the district or, if there be none, the known adult relative residing nearest to the location of the court; and
 "(4) The place of the child's dentention and the time he was taken into custody, if the child in custody is delinquent or in need of supervision.
 "(d) When any of the facts required by subsection (c) of this section are not known, except the facts required by subdivision (4) of subsection (c) of this section, the petition shall so state. (Acts 1975, No. 1205, § 5-115.)"
From the plain language of the statute, it is apparent that the legislature intended that the petition must be verified. The state, while admitting that the petition is not verified, as it is not "sworn to," seeks to rationalize around this mandatory requirement. Appellee asserts that the petition "became verified" after the probation officer who wrote the petition swore to it under oath. "The word `verified,' when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with `sworn.'" Black's Law Dictionary, p. 1400 (5th ed. 1979). The petition in the instant case falls outside that definition. The state also urges that the petition became verified after the proceedings had begun, when the probation officer swore to the information under oath. However, there must have been a valid petition for the court to have jurisdiction initially. The statute dictates verification. The petition in this case lacked verification. Therefore, the court here lacked jurisdiction to hear this case and as a result the proceedings and the orders resulting from them, are void. Ex parte Dison, 469 So.2d 662
(Ala. 1984).
This case is reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur. *Page 182