HOLMES, Presiding Judge.
This appeal is taken from the dismissal of Dennis Raybon’s petition to set aside a final order of the Bullock County Juvenile Court.
In April 1978 Regina Morgan (mother) assigned and transferred to the Alabama Department of Pensions and Security (DPS) all the support rights she had against any person for the support of a child born to her. The mother named Ray-bon as the father.
Subsequently, Raybon entered into a written notarized agreement, acknowledging that he was the father of the child and that he was obligated to support the child and agreeing to pay $40 per month therefor.
A petition was filed and signed by the district attorney in the juvenile court which prayed for the court to enter an order consistent with the above agreement (ie., that Raybon admitted paternity and agreed to support the child).
An order dated May 31, 1978, was entered in response to this petition. The order states: “This matter coming on to be heard on the petition of the State of Alabama, the agreement entered into by and between the State of Alabama and [Ray-bon], and the same being duly considered and understood by the court.” The court’s order merely made final the provisions of the agreement previously executed by Ray-bon and DPS. Raybon was served with a copy of this order on June 6,1978. Raybon neither contested nor appealed from this order.
On October 19, 1978, Raybon was informed by letter that his support obligation was in arrears. Raybon responded by letter, acknowledging that he agreed to “take care of the child,” but expressing doubt that the child was his and asking that the support obligation be “dropped.”
Since 1978, several attempts have been made to enforce this support obligation via contempt proceedings. However, because of inability to serve process upon Raybon, these attempts have failed.
In March 1987, almost nine years after the original order, Raybon filed a petition, seeking to set aside the 1978 order, averring that he entered into the agreement under duress, and denying paternity.
In December 1987, after obtaining counsel, Raybon amended the petition to set aside. The amendment asserted that, since the 1978 petition was not “verified” and Raybon was served after the order had been entered, the juvenile court lacked jurisdiction to enter its order.
The dispositive issue is whether the trial court abused its discretion in dismissing Raybon’s Rule 60(b) motion.
In his brief Raybon relies upon Tolbert v. State, 494 So.2d 180 (Ala.Crim.App.1986), for the proposition that a petition lacking verification deprives a court of jurisdiction. The Tolbert opinion relied entirely upon Ex parte Dison, 469 So.2d 662 (Ala.1984), for this conclusion. Since Dison has been expressly overruled by Ex parte City of Dothan, 501 So.2d 1136 (Ala.1986), the contention that lack of verification upon a paternity and support petition deprives the juvenile court of jurisdiction is not well taken. See also Shedd v. State, 505 So.2d 1306 (Ala.Crim.App.1987).
As Chief Justice Torbert’s opinion in Ex parte City of Dothan states, “the lack of verification ... would only affect the trial court’s ability to obtain jurisdiction over the person and not its ability to obtain jurisdiction of the subject matter.” Ex parte City of Dothan, 501 So.2d at 1137.
Further, our review of the record reveals that the petition was filed and signed by the district attorney, and the juvenile court’s 1978 order expressly states that the Raybon-DPS agreement was filed and considered along with the petition. Any objection to the petition for lack of verification should be made in the trial court and cannot be made for the first time on appeal. See Parker v. Ebsco Industries, Inc., 282 Ala. 98, 209 So.2d 383 (1968). Clearly, the juvenile court had jurisdiction to entertain the paternity and support petition. See Ala.Code (1975), § 12-15-31 (1986 Repl.Vol.).
*91 Raybon’s assertion that the juvenile court lacked personal jurisdiction because he was not served properly must also fail.
Although a failure of proper service deprives a court of its jurisdiction and thus renders a judgment void, Rule 4, Alabama Rules of Civil Procedure; Richardson v. Arrington, 431 So.2d 1301 (Ala.Civ.App.1983), a party may waive service of process “provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness.” Rule 4(h), A.R.Civ.P.
Clearly, the purpose of service is to notify or inform defendant of an action filed against him. Moore v. Moore, 424 So.2d 1312 (Ala.Civ.App.1982). But, “where it is claimed that service of process has been waived that fact ought to be clearly established and shown on the record.” Ex parte Cullinan, 224 Ala. 263, 265-66, 139 So. 255, 257 (1931).
The record reveals that, prior to the entry of the 1978 order, Raybon entered into an agreement, acknowledging paternity and his support obligation. Raybon was also served with a copy of the court’s order subsequent to its rendition. Further, after receiving a copy of the order, Raybon made no attempt to contest or appeal from the order until almost nine years later. Additionally, Raybon, after being notified of an arrearage in his support obligation in October 1978, also wrote a letter which acknowledged the contents of the agreement and the court’s order. These facts are clearly sufficient to constitute a waiver of service of process.
Since the 1978 order was valid, we turn to the appeal of the dismissal of Ray-bon’s petition to set aside. The only issue is whether the denial of the motion to set aside was an abuse of discretion. Henson v. Henson, 421 So.2d 138 (Ala.Civ.App.1982).
As the only timely Rule 60(b) ground upon which Raybon could prevail is Rule 60(b)(4), asserting that the judgment is void, see Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907), and as we have already determined that the juvenile court properly exercised jurisdiction, we find no abuse of discretion. Put another way, Raybon’s 60(b) motion is not timely.
This court finds the above is dispositive of this appeal.
Raybon has requested an attorney’s fee for representation on appeal. This request is denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.