The appellant appeals from the trial court's dismissal of herde novo appeal. The record reveals that the appellant was convicted of theft of property in the third degree in municipal court. The appellant appealed the conviction to the Coffee Circuit Court. The case was set for trial on March 4, 1991. The appellant filed a motion for continuance on February 22, 1991, and the case was reset for April 1, 1991. Neither the appellant nor her attorney appeared at the call of the docket on April 1, and the case was dismissed.
Section 12-14-70(f), Code of Alabama 1975, provides:
 "(f) Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant."
"The statute provided both that the trial court shall dismiss
the appeal, unless good cause is shown for default, and that the trial court may reinstate the appeal, if the defendant shows good cause for reinstatement." Ex parte Lawson,578 So.2d 1052, 1054 (Ala. 1991) (emphasis in original). The record indicates that the trial court did not hold a hearing on this motion. The only evidence in the record concerning the dismissal is the trial court's notation on the case action summary sheet which states, "4-1-91 on call of the trial docket, defendant did not appear. Motion of City to dismiss appeal is granted." (R. 8.) The appellant asserts in brief that neither she nor her attorney received notice of the new trial date. The City of Enterprise's brief includes an affidavit of a Coffee County Circuit Court clerk, which is not a part of the record on appeal and, thus, cannot be considered by this court.
Because the appellant's appeal may be reinstated upon a showing of good cause, we remand this case to the trial court for a hearing on the appellant's motion to reinstate her appeal so that the appellant may present evidence of good cause and so that the City of Enterprise may properly present its evidence at that time. The trial court may decide to uphold its order of dismissal or reinstate the case.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 *Page 51