Archie Grizzard, Jr., the appellant, was convicted of theft of property in the third degree in Huntsville municipal court on November 1, 1992. He appealed to the Circuit Court of Madison County for trial de novo. When the appellant's case was called for trial on June 29, 1993, the appellant was not present. The circuit court dismissed the appeal and remanded the cause to municipal court. This appeal is from that judgment. The appellant contends that the circuit court erred in denying his motion to reinstate his appeal.
The appeal was properly dismissed because the appellant failed to appear on the scheduled trial date. See Rule 30.5(b), A.R.Crim.P.; Ala. Code 1975, § 12-14-70(f); Ex parte Hilburn,591 So.2d 8 (Ala. 1991). Rule 30.5(b), A.R.Crim.P., provides that the *Page 1274 
circuit court may, "for good cause shown," set aside the order of dismissal and reinstate the appeal. The question presented here is whether the circuit court should have reinstated the appeal. See Ex parte Lawson, 578 So.2d 1052 (Ala. 1991) (dismissal proper but refusal to reinstate constituted abuse of discretion).
The appellant maintains that he did not receive notice of his trial date until the day of the trial and after the time his case had been called for trial. This, he claims, was because he had moved his residence after his conviction in municipal court. In an affidavit, the appellant states that he "notified the court of my change of address" but "[w]hen my new address was listed in the computer, the zip code of my address was not changed." R. 8. The affidavit does not specify which "court" the appellant allegedly notified. The appellant's attorney was also unsuccessful in timely notifying the appellant of the scheduled trial date.
In the "City's Motion to Deny Defendant's Motion to Reinstate Appeal," the City alleges that the appellant is "the victim of his own negligence." R. 14. The City states:
 "A. Appellant was convicted on November 11, 1992. He appealed the next day. Triple A bonding supplied his appeal bond. His arrest report, the court record and the appeal bond list his address as 2409 Mastin Lake Road, Huntsville, Alabama, 35810. The Case Action Summary lists the same address. On December 16, 1992, the City sent a copy of its complaint to Defendant at his address because no attorney was listed. That letter was never returned, so delivery must be presumed.
 "B. The week prior to trial, this city attorney spoke with Defendant's appointed counsel from the City trial, Tom Conwell, asking if he was Defendant's lawyer. Mr. Conwell replied that he didn't know, but [that he] had tried to contact Defendant without success. Mr. Conwell said he would try to reach him. On June 28, 1993, Mr. Conwell appeared and told the Court that despite his best efforts Defendant couldn't be located. Defendant's case was later dismissed when he failed to appear.
 "C. Defendant initiated his appeal, and is not unfamiliar with criminal procedure, as he has 15 years experience in the system. During the eight months since his appeal, he never notified Mr. Conwell, the City Attorney, the Circuit Clerk, or his bondsman of his whereabouts. If he moved between November 18 and December 20, 1992, he must have had his mail forwarded, since the City did not get his letter returned to it as undeliverable. Defendant therefore can show no good cause why he failed to appear, since his nonappearance was caused by his own negligence." R. 14-15.
In this case, there was sufficient evidence before the circuit court from which that court could determine whether the appellant had "good cause" for his failure to appear. CompareKnight v. City of Enterprise, 594 So.2d 1302 (Ala.Cr.App. 1992). We agree with the circuit court and the municipal prosecutor that the appellant's failure to appear was the result of his own negligence. The circuit court did not abuse its discretion in denying the appellant's motion to reinstate the appeal.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.