The appellant, Thomas Michael McLemore, appeals the trial court's dismissal of his appeal from his conviction in district court of issuing a worthless negotiable instrument, in violation of § 13A-9-13.1, Code of Alabama 1975.
On February 9, 1995, the appellant was convicted in district court of issuing a worthless check. On February 10, 1995, the appellant filed a notice of appeal to the circuit court for a trial de novo. A proceeding occurred on March 6, 1995, but the record, is unclear a to what occurred at the proceeding. The appellant's pleading refers to this proceeding as an "arraignment." The State's motion to dismiss, filed on June 8, 1995, states that "the defendant failed to appear for a docket on this case on March 26, 1995." The case action summary sheet notation for that date states that the "case is called" and the "defendant fails to appear. However, defense counsel appears." On July 9, 1995, the trial court dismissed the appeal. On August 2, 1995, the appellant filed a motion to reinstate the appeal. That motion was not ruled on by the trial court. On August 18, 1995, the appellant filed a motion for a new trial. On August 25, 1995, the appellant filed a notice of appeal.
 "The procedure for dismissing a case appealed to circuit court for a trial de novo is set out in Ala. Code. 1975, § 12-14-70(f), and in Rule 30.5(b), A.R.Crim.P. Section 12-14-70(f) provides:
 " 'Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration *Page 493 
of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by the defendant.' (Emphasis added [in Riddle.])
"Rule 30.5(b) provides:
 " 'Where appellant, without sufficient excuse, does not appear for trial de novo when called the trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe. The entry of a judgment of default on the appeal bond shall comply with the procedures set forth in § 15-13-81, and a forfeiture may be entered by the circuit court or the court from which the appeal is taken.' (Emphasis added [in Riddle].)
 "In Ex parte Hilburn, 591 So.2d 8 (Ala. 1991), the Alabama Supreme Court settled the question whether the mandatory provisions of § 12-14-70(f) or the permissive provisions of Rule 30.5(b), govern the dismissal of appeals for trial de novo. The court held that the mandatory provisions of the statute rather than the permissive provisions of the rule 'accurately represent the policy of this state.' Ex parte Hilburn, 591 So.2d at 12.
 "The Hilburn court was not called upon to decide, as we are, the point at which the circuit court has authority to dismiss a de novo appeal because of the defendant's failure to appear in court. The appellant argues that the circuit court had no authority to dismiss his appeal prior to the date set for trial. In the alternative, he contends that if the circuit court did have authority to dismiss the appeal before that time, then the court abused is discretion by failing to reinstate the appeal.
 "The plain wording of both § 12-14-70(f) an Rule 30.5(b) supports the appellant's contention that the circuit court has authority to dismiss a de novo appeal only when the defendant fails to appear for trial. Section 12-14-70(f) provides, 'Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal.' (Emphasis added [in Riddle].) Rule 30.5(b) provides, 'Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal.' (Emphasis added [in Riddle].)
 "We have been cited to no authority authorizing the dismissal of a de novo appeal based upon a defendant's failure to appear at a time other than when the defendant's case is called for trial. See Ex parte Lawson, 578 So.2d 1052 (Ala. 1991) (defendant not present when case called for trial); Grizzard v. City of Huntsville, 641 So.2d 1273
(Ala.Cr.App. 1993) (defendant not present when case called for trial); Knight v. City of Enterprise, 594 So.2d 1302 (Ala.Cr.App. 1992) (defendant not present at call of trial docket).
 "We, therefore, hold that the circuit court's dismissal of the appeal when the appellant failed to appear at 'plea day' was premature. Compare Grizzard v. City of Huntsville, 641 So.2d at 1273 ('[t]he appeal was properly dismissed because the appellant failed to appear on the scheduled trial date'). Because it was unauthorized by either statute or rule, the circuit court's dismissal of the appeal is due to be reversed."
Riddle v. State, 641 So.2d 1316, 1317-18 (Ala.Cr.App. 1994).
Here, if the appellant's case was called for trial on March 26, 1995, and he *Page 494 
failed to appear, then the trial court's order dismissing the appeal was proper. See Riddle v. State, supra. If, however, the March 26 proceeding was simply a docket call, the appeal is due to be reinstated. Because the circumstances surrounding the dismissal of the appellant's appeal are unclear, this cause is remanded to the trial court for a determination of the nature of the March 26, 1995, proceedings. Return shall be made to this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.