On Return to Remand

MeMILLAN, Judge.
The appellant, Thomas Michael McLe-more, appeals from the trial court’s dismissal of his appeal from his conviction in district court of issuing a worthless negotiable instrument, a violation of § 13A-9-13.1, Code of Alabama 1975. We remanded this cause to the trial court so that it could clarify the circumstances surrounding the dismissal of the appellant’s appeal. 686 So.2d 492 (Ala. Cr.App.1996). The trial court, having complied with this Court’s instructions, issued the following findings of fact on remand:
“[T]his case was set for arraignment on May 26, 1995, and the defendant, Thomas Michael McLemore, failed to appear. Consequently, this Court entered a conditional forfeiture on the defendant’s appeal and issued an alias warrant. On July 19, 1995, upon the motion of the District Attorney, based in part on the defendant’s failure to appear at arraignment on May 26, 1995, this Court granted the motion to dismiss the defendant’s appeal.”
The trial court’s dismissal of the appellant’s appeal because he failed to appear at arraignment was premature; the trial court’s dismissal of the appeal was unauthorized by either statute or rule and is, therefore, due to be reversed. See Riddle v. State, 641 So.2d 1316,1317-18 (Ala.Cr.App.1994).
The judgment of the trial court dismissing the appellant’s appeal is reversed and this cause is remanded with instructions that the *495 trial court set aside its dismissal and reinstate the appeal.
REVERSED AND REMANDED.
All judges concur.