The appellant, Lyndon Lee Mayes, was convicted in the District Court of Lawrence County of driving under the influence, possession of marijuana in the second degree, reckless endangerment, possession of drug paraphernalia, and illegal possession of prohibited liquor in the District Court of Lawrence County. He appealed the cases to the Circuit Court of Lawrence County for a trial de novo.
The trial court scheduled the case for "plea day" on November 14, 1996. The appellant failed to appear, and the trial court dismissed the appeal. After the appellant showed good cause for his failure to appear, the trial court reinstated the appeal and scheduled the case for "plea day" on March 26, 1997, and for trial on April 14, 1997. The appellant failed to appear on March 26, 1997, and the State moved to dismiss the appeal. The trial court denied the motion to dismiss and ordered the appellant to appear at the April 14, 1997, trial docket, stating specifically that the case would be dismissed if the appellant failed to appear at that time. The appellant asserts that he was present on April 14, 1997. However, the trial court did not reach his case on April 14, 1997, and it rescheduled the case for the next "Plea/Trial Docket," the dates of which were not specified in the record. The next entry in the record is an order dated June 4, 1997, which dismisses the appeal for failure of the appellant "to appear after proper notice for the third scheduled Plea/Trial Docket." The record is unclear as to what type of proceeding, if any, was scheduled for June 4. The present appeal follows the dismissal of the appellant's de novo appeal.
The appellant argues that the trial court improperly dismissed the appeal because he failed to appear at "plea day." Specifically, he contends that the circuit court has authority to dismiss de novo appeals only when the appellant fails to appear when his case is called for trial. Section 12-14-70(f), Ala. Code 1975, and Rule 30.5(b), Ala. R.Crim. P., set forth the procedure for dismissing a case appealed to a circuit court for a trial de novo. Section 12-14-70(f) provides:
 "Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in Section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, *Page 538 
set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by the defendant."
Rule 30.5(b) provides:
 "Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe. The entry of a judgment of default on the appeal bond shall comply with the procedures set forth in § 15-13-81, and a forfeiture may be entered by the circuit court or the court from which the appeal is taken."
We previously addressed this argument, holding as follows:
 " 'The plain wording of both § 12-14-70(9) and Rule 30.5(b) supports the appellant's contention that the circuit court has authority to dismiss a de novo appeal only when the defendant fails to appear for trial. Section 12-14-70(f) provides, "Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal." (Emphasis added [in Riddle].). Rule 30.5(b) provides, "Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal." (Emphasis added [in Riddle].)
 " 'We have been cited to no authority authorizing the dismissal of a de novo appeal based upon a defendant's failure to appear at a time other than when the defendant's case is called for trial. See Ex parte Lawson, 578 So.2d 1052 (Ala. 1991) (defendant not present when case called for trial); Grizzard v. City of Huntsville, 641 So.2d 1273 (Ala.Cr.App. 1993) (defendant not present when case called for trial); Knight v. City of Enterprise, 594 So.2d 1302 (Ala.Cr.App. 1992) (defendant not present at call of trial docket).
 " 'We, therefore, hold that the circuit court's dismissal of the appeal when the appellant failed to appear at "plea day" was premature. Compare Grizzard v. City of Huntsville, 641 So.2d at 1273 ("[t]he appeal was properly dismissed because the appellant failed to appear on the scheduled trial date"). Because it was unauthorized by either statute or rule, the circuit court's dismissal of the appeal is due to be reversed.'
 Riddle v. State, 641 So.2d 1316, 1317-18
(Ala.Cr.App. 1994)."
McLemore v. State, 686 So.2d 492, 493 (Ala.Cr.App. 1996).
The circumstances surrounding the dismissal of the appellant's appeal are unclear. Therefore, we remanded this case to the trial court for a determination of the nature of the proceedings that resulted in the dismissal of the appellant's appeal. If the case was called for trial and the appellant failed to appear, then the trial court's order dismissing the appeal was proper. However, if the case was dismissed because the appellant failed to appear at "plea day," the appeal should be reinstated. The circuit court shall make specific findings of fact concerning the circumstances surrounding the dismissal of the appeal. Due return shall be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All judges concur.
* On February 13, 1998, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 539