The City of Montgomery filed this petition for a writ of mandamus directing the Honorable Sarah M. Greenhaw, circuit judge for the Fifteenth Judicial Circuit, to vacate her order reinstating Evan Rose's de novo appeal from Montgomery Municipal Court. Rose was convicted in municipal court of making a false statement to a police officer and was fined $200.[1] Rose appealed for a trial de novo in the Montgomery Circuit Court. On two separate occasions, Rose moved to continue the trial date. Judge Greenhaw granted those motions. When Rose failed to appear for trial after the continuances, Judge Greenhaw dismissed the appeal and reinstated the municipal court's judgment and sentence. Forty-eight days after Judge Greenhaw dismissed the appeal, Rose moved to reinstate the appeal, arguing that he never received notice of the trial date.[2] The City opposed the motion. Judge Greenhaw, 119 days after dismissing the appeal, reinstated the appeal. This petition for a writ of mandamus followed.
Mandamus is the appropriate method by which to review Judge Greenhaw's actions. The City has no right to appeal from Judge Greenhaw's ruling. The only way the City can obtain review is by filing a petition for a writ of mandamus. Ex parteWeeks, 611 So.2d 259 (Ala. 1992).
Citing Rule 30.5(b), Ala.R.Crim.P. and § 12-14-70, Code of Alabama 1975, [3] the City *Page 262 
contends that Judge Greenhaw acted beyond her jurisdiction by reinstating the appeal more than 30 days after the appeal had been dismissed. Rule 30.5(b) states:
 "Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe."
(Emphasis added.)
We start with the basic premise that the wording of Rule 30.5(b) must be given its plain meaning. Parker v.State, 648 So.2d 653 (Ala.Cr.App. 1994). Rule 30.5(b) clearly states, "[T]he circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal. . . ."
The City argues that the 30-day period of Rule 30.5(b) within which the order of dismissal may be set aside is jurisdictional, and at the end of that period, the City argues, the circuit court loses jurisdiction to rule on a motion to reinstate an appeal. Rose, citing Ex parte Weeks, 611 So.2d 259
(Ala. 1992), contends that Judge Greenhaw acted within her authority in reinstating the de novo appeal.
The City's argument has merit. Its rationale is analogous to the rule that a court retains jurisdiction to modify a sentence for "30 days after sentence is pronounced,"[4] see Davisv. State, 644 So.2d 44 (Ala.Cr.App. 1994) and Rule 24, Ala.R.Crim.P. See also Barfield v. State,703 So.2d 1011 (Ala.Cr.App. 1997); Symanowski v. State,606 So.2d 171 (Ala.Cr.App. 1992).
Neither the Alabama Supreme Court nor the Court of Criminal Appeals has specifically addressed the implications of the 30-day period in Rule 30.5(b). However, the Supreme Court inWeeks addressed, on a petition for a writ of mandamus, a circuit court's refusal to reinstate a de novo appeal that was dismissed when the defendant failed to appear at trial. The defendant had made repeated attempts to obtain a trial date from the clerk's office and an employee of the clerk's office had told him that the clerk's office would notify him of the trial date. Weeks never received the notice, and the case was dismissed when he failed to appear at trial. After the 30-day period had expired, Weeks moved to reinstate his appeal. The circuit court refused, and Weeks filed a petition for a writ of mandamus attacking the circuit court's ruling. This court denied the petition, without an opinion. Weeks then filed a mandamus petition in the Alabama Supreme Court. Justice Houston, writing for the Supreme Court, stated:
 "Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. See Pike v. Southern Bell Telephone Telegraph Co., 263 Ala. 59, 81 So.2d 254 (1955); Vernon v. State, 245 Ala. 633, 18 So.2d 388 (1944). It is generally understood that a opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process. 16A Am.Jur.2d Constitutional Law § 839 (1979), citing Alabama Alcoholic Beverage Control Bd. v. State ex rel. Krasner, 247 Ala. 469, 25 So.2d 30
(1945); Frahn v. Greyling Realization Corp., 239 Ala. 580, 195 So. 758 (1940); Fowler v. Nash, 225 Ala. 613, *Page 263 144 So. 831 (1932); see, also, 21A Am.Jur.2d Criminal Law, § 640 (1981). Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
 "The circuit court's dismissal of Weeks's appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceeding — the opportunity for all of the parties to be heard — and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to `usurpation and oppression' by this state's judicial branch of government if this branch failed to recognize Weeks's right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const. "
611 So.2d at 261-62 (emphasis added).
The pivotal fact present in Weeks — that a clerk's office employee told Weeks that the office would notify him of the trial date — is absent from this case. We believe that the Supreme Court in Weeks viewed this affirmative action by the clerk's office as an "intervening event" that tolled the 30-day period. We also believe that the Supreme Court in Weeks intended to narrowly limit its holding to similar fact situations.
Here, Rose argued that he was never informed of the new trial date. However, the failure of a party to monitor the progress of his case does not come within Weeks. "[A]labama cases have held that a party, whether represented by counsel or acting pro se, has a duty to follow the status of his own case, andno duty rests upon either the court or opposing parties toadvise that party of his trial date." Bowman v. Slade,501 So.2d 1236, 1237 (Ala.Civ.App. 1987) (emphasis added). Cf.Hart v. City of Priceville, 631 So.2d 301
(Ala.Cr.App. 1993) (where this court held that the trial court did not abuse its discretion in refusing to reinstate a de novo appeal; the court noted that it was the defendant's duty to follow the progress of his case).
A court "[w]ill not . . . interpret [a law] in such a way as to make it meaningless." Reserve Nat'l. Ins. Co. v.Crowell 614 So.2d 1005, 1010 (Ala. 1993), cert. denied,510 U.S. 824, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993). We hold that the 30-day period in Rule 30.5(b), is jurisdictional, and that at the end of that period jurisdiction reverts to the court from which the appeal was taken, in this case, the municipal court. This holding does not conflict with Weeks. We believe that any other interpretation would render the imposition of the 30-day period meaningless.
Decisions of district and municipal courts are entitled to a degree of finality. If we were to hold that a circuit court could reinstate a de novo appeal 119 days after it was dismissed, we would be discounting the municipal and the district court judgments — in effect, rendering them a nullity. There must be a point at which the lower court's decision is to be enforced. That point is 30 days after a circuit court has dismissed a de novo appeal. Our decision here comports with the intent of the Supreme Court when it adopted Rule 30.5(b).
Judge Greenhaw reinstated the appeal in this case 89 days after jurisdiction had reverted to the municipal court.Weeks does not apply in this case. Judge Greenhaw *Page 264 
acted beyond the scope of her jurisdiction; therefore, the order reinstating the de novo appeal is due to be set aside.Tolbert v. State, 494 So.2d 180 (Ala.Cr.App. 1986).
This petition for a writ of mandamus is due to be granted.
PETITION GRANTED.*
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
[1] Rose was also charged with carrying a pistol while consuming alcoholic beverages; however, this charge was nol-prossed in municipal court.
[2] Rose also argues that he never received notice that Judge Greenhaw had dismissed the appeal.
[3] Effective January 1, 1991, § 12-14-70 was superseded by Rule 30, Ala.R.Crim.P. See Rule 1.5, Ala.R.Crim.P. See alsoEx parte City of Fort Payne, 628 So.2d 1036, 1037
(Ala.Cr.App. 1993).
[4] However, if a motion for new trial is filed within the 30-day period, the trial court retains jurisdiction until the motion is ruled on or the motion is deemed denied by operation of law, 60 days after sentence is pronounced. Rule 24.4, Ala.R.Crim.P.
* Note from the reporter of decisions: On September 3, 1998, Evan Rose petitioned the Alabama Supreme Court for a writ of mandamus related to the same proceeding in the circuit court. The Supreme Court denied the petition on October 20, 1998, no opinion (docket no. 1972174). *Page 678 
 *Page 197