PER CURIAM.
The City of Leeds (hereinafter “the City”) filed this petition for a writ of mandamus requesting us to direct Judge David N. Lichtenstein to rescind his order reinstating John Bino Barefield’s de novo appeal from the Leeds Municipal Court.
In March 2000, Barefield was convicted in municipal court of driving under the influence. He appealed to the circuit court for a trial de novo, and the case was assigned to Judge Michael McCormick. In October 2000, on the date that Bare-field’s case was set for trial, he failed to appear for the trial docket. Judge McCormick dismissed the case, and it was returned to the municipal court. In April 2002, approximately 18 months later, Bare-field sent a letter to Judge McCormick requesting that he set aside his order of dismissal and reinstate Barefield’s de novo appeal. At this point, the case had been assigned to Judge Lichtenstein, a district court judge sitting as a circuit judge. Judge Lichtenstein denied the request, stating that he no longer had jurisdiction of the case. In May 2002, Barefield filed a motion requesting that Judge Lichtenstein reconsider his order; he argued that the case was not called for trial on the date it was dismissed, and that, therefore, Judge McCormick had no jurisdiction to dismiss the appeal. After a hearing, Judge Lichtenstein reinstated Barefield’s appeal and set Barefield’s case for trial on November 18, 2002. The City then filed this mandamus petition.
This case is correctly before this Court by way of an extraordinary petition. *253 The City cannot appeal Judge Lichtenstein’s ruling. The only way the City can obtain review is by filing a petition for extraordinary relief under Rule 21, Ala. R.App.P. Ex parte City of Montgomery, 721 So.2d 261 (Ala.Crim.App.1998). Although the City styled its petition as a petition for a writ of mandamus, we have treated it as a petition for a writ of prohibition. A writ of prohibition is the appropriate vehicle to challenge a lower court’s actions on the basis that its actions exceeded its jurisdiction. See Ex parte City of Tuskegee, 447 So.2d 713 (Ala.1984).
The City argues that Judge Lichtenstein acted outside of his jurisdiction and in contradiction to Rule 30.5(b), Ala.R.Crim. P., when he reinstated Barefield’s de novo appeal 18 months after it had been dismissed. Barefield has responded by stating that the case was never actually called for trial on the date it was dismissed and that Judge McCormick had no jurisdiction to prematurely dismiss the appeal.
Rule 30.5(b), Ala.R.Crim.P., states, in part:
‘"Where the appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court’s judgment. Upon the motion of the appellant, for good cause shown, the court may set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe. Any such motion must be filed within thirty (30) days of the entry of the order of dismissal. Failure of the trial court to rule within thirty (30) days of the entry of the order of dismissal on the motion seeking reinstatement of the appeal shall constitute a denial of the motion as of the thirtieth day. The clerk of the circuit court shall send a copy of the order of dismissal of the appeal to the appropriate trial court clerk no later than thirty (30) days from the date on which the appeal is dismissed. The entry of a judgment of default on the appeal bond shall comply with the procedures set forth in § 15-13-81, [Ala.Code 1975,] and a forfeiture may be entered by the circuit court or the court from which the appeal is taken.”
We have often stated that a circuit court may dismiss a de novo appeal when a defendant fails to appear when the case is called for trial. See Kim v. State, 770 So.2d 1114 (Ala.Crim.App.2000); Smelley v. State, 766 So.2d 983 (Ala.Crim.App.2000); Ex parte Swoope, 724 So.2d 92 (Ala.Crim.App.1998); Mayes v. State, 710 So.2d 537 (Ala.Crim.App.1997); McLemore v. State, 686 So.2d 492 (Ala.Crim.App.), on remand, 686 So.2d 494 (Ala.Crim.App.1996); Knight v. City of Enterprise, 594 So.2d 1302 (Ala.Crim.App.), on remand, 609 So.2d 458 (Ala.Crim.App.1992). We have also recognized that it is premature to dismiss a de novo appeal when the defendant fails to appear for a “plea date” and not a “trial date.” As we stated in Maddox v. State, 668 So.2d 162 (Ala.Crim.App.1995):
“In Riddle [v. State, 641 So.2d 1316 (Ala.Crim.App.1994)], we held that the circuit court has authority to dismiss a de novo appeal based upon an appellant’s failure to appear only when the case is called for trial and that the court’s dismissing an appeal for an appellant’s nonappearance at ‘plea day’ is ‘unauthorized by either statute or rule.’ Id. at 1318. Therefore, dismissal for failure to appear at ‘plea day’ is premature.”
668 So.2d at 163. In Riddle v. State, 641 So.2d 1316 (Ala.Crim.App.1994), we stated:
*254 “The plain wording of both § 12-14-70(f)[, Ala.Code 1975,] and Rule 30.5(b)[, Ala.R.Crim.P.,] supports the appellant’s contention that the circuit court has authority to dismiss a de novo appeal only when the defendant fails to appear for trial. Section 12-14-70(f) provides, ‘Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal.’ (Emphasis added [in Riddle].)”
641 So.2d at 1318. We have approved dismissing a de novo appeal when the circuit court calls its trial docket and the defendant fails to respond because he is absent. See Knight v. City of Enterprise, supra.
A copy of the case action summary reflects, “Set this case for trial before Judge McCormick on October 16, 2000 at 9:00 a.m.” The next entry states that on August 14, 2000, subpoenas were issued. The entry for October 16, 2000, states, “Defendant failing to appear, appeal is dismissed procedendo ordered.”
At the hearing on the motion to reinstate the appeal, Barefield argued that there was no indication that this case would be tried that week because many other cases were also called. Barefield admitted at the hearing on the motion to reinstaté the appeal that he knew that his case had been set for trial on October 16, 2002, but, he said, he was out of the county and thought that his attorney was going to request a continuance.
There is every indication in the documents filed with this Court that the case was not dismissed prematurely. The case action summary sheet indicates a specific trial date. It also indicates that subpoenas had been issued. Everything indicates that the case was in the posture for trial— had the defendant and his attorney appeared for the trial docket call. Judge McCormick acted within his discretion when he dismissed the de novo appeal. See Rule 30.5(b), Ala.R.Crim.P.
However, Judge Lichtenstein acted outside of his jurisdiction by reinstating the de novo appeal 18 months after it had been dismissed. Rule 30.5, Ala. R.Crim.P., specifically states that a motion to reinstate a de novo appeal must be filed within 30 days of the date of dismissal. After this date, jurisdiction of the case reverts to the lower court for imposition of its sentence. As we stated in Ex parte City of Montgomery:
“Decisions of district and municipal courts are entitled to a degree of finality. If we were to hold that a circuit court could reinstate a de novo appeal 119 days after it was dismissed, we would be discounting the municipal and the district court judgments — in effect, rendering them a nullity. There must be a point at which the lower court’s decision is to be enforced. That point is 30 days after a circuit court has dismissed a de novo appeal. Our decision here comports with the intent of the Supreme Court when it adopted Rule 30.5(b).”
721 So.2d at 263.
For the reasons stated above, this petition is due to be, and is hereby, granted. We issue the writ of prohibition and direct Judge Lichtenstein to vacate his order reinstating Barefield’s de novo appeal.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.