BURKE, Judge.
Michael Christopher McCullough appeals from the circuit court's order dismissing McCullough's de novo appeal from the district court based on his failure to appear at docket call, and remanding the case. McCullough was found guilty of third-degree domestic violence (menacing) in the district court, a violation of § 13A-6-132, Ala. Code 1975. He was sentenced to 90 days in the county jail; that sentence was suspended for 2 years. He was fined $250 plus court costs and ordered to pay a victim-compensation fee. He was also ordered to complete a domestic-violence program.
McCullough appealed his conviction to the circuit court, and his motion to set an *917 appeal bond was granted on May 23, 2016. His appeal bond was set at $1,000 and he was given 14 days to pay the bond. McCullough's arraignment notice as to his charge of domestic violence issued on June 3, 2016, and ordered him to appear with his counsel on June 27, 2016. McCullough failed to appear at his arraignment, and the court dismissed the appeal. Defense counsel filed a motion to reinstate McCullough's appeal, arguing that neither he nor McCullough received notice of the scheduled arraignment. Defense counsel alleged that the district attorney's office did not oppose the motion to reinstate and that no party would be prejudiced by a reinstatement of the appeal. Further, defense counsel argued that a denial of the motion would constitute a violation of McCullough's right to a jury trial. The court granted the motion and continued the arraignment until September 27, 2016. On that date, McCullough entered a plea of not guilty and the court set a docket call for November 7, 2016.
Defense counsel subsequently filed a motion to continue, arguing that at the November docket call he had indicated that he would be ready for trial anytime other than on December 5 and 6, 2016, because he would be out of town on those dates. However, in his motion to continue, he asked for a further continuance due to his illness. The court granted the motion and set a docket call for January 27, 2017, and trial for February 27, 2017, and ordered McCullough to appear with his counsel on both occasions. On January 27, 2017, McCullough failed to appear, and the court, upon motion of the State, dismissed his appeal, remanded the case back to district court, and assessed court costs to McCullough.
McCullough filed a motion to reinstate his appeal on February 23, 2017, stating that he was unable to attend his docket call because of his work as a truck driver and that he had believed that he did not have to appear until trial. He argued that the court had authority under § 12-14-70(f), Ala. Code 1975, and Rule 30.5(b), Ala. R. Crim. P., only to dismiss the appeal if McCullough failed to appear for trial, and that the authority to dismiss did not extend to docket call.
The State filed a response the following day, arguing that the proper remedy for failing to appear for docket call would not be to dismiss the appeal; rather, the court should forfeit McCullough's appeal bond and issue a new writ for his arrest for failing to appear at docket call. The State cited § 12-22-112(a), Ala. Code 1975. No ruling on the State's response or McCullough's motion to reinstate appears in the record.
McCullough filed a notice of appeal to this Court on March 10, 2017, challenging the circuit court's dismissal of his appeal.
On appeal, McCullough argues that the circuit court did not have the authority to dismiss his de novo appeal from the district court based on his failure to appear at the docket call. Rule 30.5(b), Ala. R. Crim. P., states: "Where the appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court's judgment." Section 12-14-70(f), Ala. Code 1975, states: "Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment *918 of default on the appeal bond by utilizing the procedures set forth in Section 15-13-81."
"The statute and rule governing an appeal from a municipal or district court for a trial de novo provide for dismissal of the appeal only upon the appellant's request or upon the appellant's failure to appear for trial.... We can find no authority permitting the dismissal of a de novo appeal on motion of the State other than for failure of the appellant to appear at trial." Hulsey v. State, 866 So.2d 1180, 1185-6 (Ala. Crim. App. 2003). See also Riddle v. State, 641 So.2d 1316, 1318 (Ala. Crim. App. 1994) ("We, therefore, hold that the circuit court's dismissal of the appeal when the appellant failed to appear at 'plea day' was premature. Compare Grizzard v. City of Huntsville, 641 So.2d 1273, 1273 (Ala. Crim. App. 1993) ('[t]he appeal was properly dismissed because the appellant failed to appear on the scheduled trial date'). Because it was unauthorized by either statute or rule, the circuit court's dismissal of the appeal is due to be reversed.").
On appeal, the State concedes the circuit court's error in dismissing the de novo appeal from the district court and submits that § 12-22-112(a), Ala. Code 1975, provides the proper remedy. Section 12-22-112(a) states that, "[i]f the defendant fails to appear at the circuit court as required by the appeal bond, he shall be liable to the same penalties, forfeitures and proceedings as on a forfeited bail bond taken in the court, and a new warrant of arrest may issue from that court without any other authority therefor."
Because the circuit court lacked authority to dismiss McCullough's appeal from the district court, the judgment is reversed and the case remanded for the circuit court to set aside its order and to reinstate McCullough's de novo appeal.
REVERSED AND REMANDED.
Windom, P.J., and Welch, Kellum, and Joiner, JJ., concur.